UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
Case No.: _____

| | |
|---|---|
| WALTER STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHERN CHUTE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff WALTER STANLEY ("Plaintiff") sues defendant SOUTHERN CHUTE, INC.

("Defendant") and alleges:

1.      This is an action to recover damages for discrimination and retaliation pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); Florida Civil Rights Act

of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"); and Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 28 U.S.C.

§ 1331, and 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), and 1367 (a).

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred

within this judicial district, Defendant has its principal place of business and resides within this

judicial district, and because the employment records of Plaintiff are stored or have been

administered in this judicial district.

4.      Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution.  In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5.      At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6.      At all times material, Defendant was and is a public organization authorized to conduct business in the state of Florida, in Broward County, and within the jurisdiction of this Court.

7.      At all times material to this Complaint, Plaintiff was an "employee" as defined by 42 U.S.C. § 2000e(f) and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definition of "employee."

8.      At all times material, Defendant was a "person" and an "employer" as defined by 42 USC § 2000e(a) and (b) and Fla. Stat. § 760.02 (6) and (7). Plaintiff specifically incorporates the definitions of "person" and "employer."

9.      At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10.      Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

11.      Plaintiff has complied with all conditions precedent in filing this action, to wit;

a.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about October 12, 2020.

b.  Plaintiff was issued a Notice of Suit Rights as to all claims raised in his Charge of Discrimination on or about June 22, 2021.

c.  Plaintiff is filing this action more than 180 days after he filed his Charge of Discrimination.

12.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## RELEVANT FACTS

13.     Plaintiff was hired by Defendant in or about August 2017, as a maintenance specialist.

14.     At all times material, Plaintiff was a member of a protected class of African American, Black citizens.

15.     At all times material, Plaintiff was and is qualified to perform the essential functions of his job.

16.     Throughout his employment with Defendant, Plaintiff was discriminated against in a constant and pervasive manner because of his race and national origin. Namely, Defendant engaged in discriminatory actions toward Plaintiff and other employees who were African American and/or black.

17.     Defendant's practices, rules, regulations, policies and/or procedures, were applied to its African American, citizens differently than applied to Defendant's employees who were not African American, Black citizens. For example, without limitation, Plaintiff – along with many other African American, Black employees (if not all) – was promised an annual raise but was never

given any raises throughout his employment with Defendant. Non-Black and non-African American employees similarly situated to Plaintiff, were provided keys to Defendant's building, company vehicle, and company credit card, while Black employees were not given the same access and privileges. Additionally, African American, Black employees were required to request leave, including sick leave, one week in advance or the employee would be disciplined, but non-Black and non-African American employees were not required to request leave with the same amount of advance notice.

18.     Plaintiff was also constantly subjected to racist, discriminatory statements throughout his employment with Defendant; such as, the multiple use of the word "Nigger" in reference to Black people, and other offensive comments. Plaintiff was flabbergasted that Defendant's employees would speak that way in front of him. The many times Plaintiff was subjected to the word "Nigger" he was highly offended and suffered extreme humiliation, embarrassment and emotional distress.

19.     Then, on or about June 10, 2020, during the recent Black Lives Matter movement and protests that ensued, Plaintiff was threatened by a Caucasian co-worker, who warned Plaintiff that he was going to get his AR (i.e., Assault Rifle). Shortly after this incident, Plaintiff complained to supervisor, Joanna Ribner of the discrimination based on his race and national origin, and was told that this behavior was not tolerated in the workplace, and that she would hold a joint meeting with the staff. Unfortunately, the meeting never occurred. Plaintiff was made to feel humiliated, embarrassed and emotionally distressed because he was once again subjected to discrimination, the Defendant knew about it, and did nothing.

20.     On or about June 27, 2020, Plaintiff was involved in an accident outside of work, and broke his toe.

21.     Plaintiff immediately reported his injury to Defendant.

22.     Plaintiff's injury required medical care and treatment.

23.     Plaintiff informed his employer that his broken toe injury required medical care and treatment, and that he attend doctor's appointments.

24.     Although Plaintiff's broken toe substantially limited one or more of Plaintiff's major life activities, he continued to work for Defendant while wearing a boot on his foot to protect his broken toe.

25.     After learning about Plaintiff's injury, Defendant discriminated against Plaintiff by leaving him isolated to do the work alone.

26.     Defendant further discriminated against Plaintiff by requiring him to physically go to his supervisor's office whenever he was leaving work early. Defendant did not require other non-disabled individuals to physically go to their supervisor's office when they left early.

27.     On or about July 4, 2020, Plaintiff contacted his supervisor, Ms. Ribner and requested a day off because he had a doctor's appointment and was in extreme pain due to his broken toe.

28.     Just a few days later, on or about July 10, 2020, Defendant terminated Plaintiff's employment.

### COUNT I: DISCRIMINATION BASED RACE AND NATIONAL ORIGIN
### IN VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT

29.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30.     Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

31.     Plaintiff is a member of a protected class of African American, Black citizens.

32.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by, *inter alia*, subjecting Plaintiff to unwelcomed harassment and creating a hostile work environment because of Plaintiff's race and national origin.

33.     Specifically, Plaintiff was constantly subjected to harassing statements throughout his employment with Defendant; such as, the multiple use of the word "Nigger" in reference to Black people, and other offensive comments. Then, on or about June 10, 2020, during the recent Black Lives Matter movement and protests that ensued, Plaintiff was threatened by a Caucasian co-worker, who warned Plaintiff that he was going to get his AR (i.e., Assault Rifle).

34.     Defendant's statements and actions created a hostile work environment.

35.     The harassment and hostile work environment were based on Plaintiff's race and national origin.

36.     The harassment and hostile work environment were sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and to create an abusive working environment.

37.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from unwelcomed harassment and abuse.

38.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

39.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

40.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: DISCRIMINATION BASED RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII – DISPARATE TREATMENT

41.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

42.     Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

43.     Plaintiff is a member of a protected class of African American, Black citizens.

44.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by, *inter alia*, treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment because of Plaintiff's race and national origin.

45.     Specifically, Plaintiff – along with many other African American, Black employees (if not all) – was promised an annual raise but was never given any raises throughout his nearly 3 years of employment with Defendant. Non-Black and non-African American employees, similarly situated to Plaintiff were provided keys to Defendant's building, company vehicle, and company credit card, while African American, Black employees were not given the same access and privileges. Additionally, African American, Black employees were required to request leave, including sick leave, one week in advance or the employee would be disciplined, but non-Black and non-African American employees were not required to request leave with the same amount of advance notice.

46.     The discrimination of Plaintiff by Defendant was based on Plaintiff's race and national origin.

47.     The discrimination was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

48.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

49.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

50.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III: RETALIATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII – TERMINATION

51.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

52.     Plaintiff is a member of a protected class of African American, Black citizens.

53.     Plaintiff engaged in a protected activity when, in or about June 2020, he complained to supervisor, Joanna Ribner of the discrimination based on his race and national origin.

54.     Defendant thereafter intentionally engaged in unlawful employment practices and retaliation in violation of Title VII by terminating Plaintiff on or about July 10, 2020, because Plaintiff complained about race, national origin discrimination in the workplace.

55.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of Title VII.

56.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

57.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

58.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff reasonable costs and attorney's fees; and

E.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: DISCRIMINATION BASED RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FCRA – HOSTILE WORK ENVIRONMENT

59.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

60.     Plaintiff is a member of a protected class of African American, Black citizens.

61.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, subjecting Plaintiff to unwelcomed harassment and creating a hostile work environment because of Plaintiff's race and national origin.

62.     Specifically, Plaintiff was constantly subjected to harassing statements throughout his employment with Defendant; such as, the multiple use of the word "Nigger" in reference to Black people, and other offensive comments. Then, on or about June 10, 2020, during the recent Black Lives Matter movement and protests that ensued, Plaintiff was threatened by a Caucasian co-worker, who warned Plaintiff that he was going to get his AR (i.e., Assault Rifle).

63.     Defendant's statements and actions created a hostile work environment.

64.     The harassment and hostile work environment were based on Plaintiff's race and national origin.

65.     The harassment and hostile work environment were sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant and to create an abusive working environment.

66.     Defendant, as Plaintiff's employer, was responsible for maintaining a working environment free from unwelcomed harassment and abuse.

67.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

68.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

69.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: DISCRIMINATION BASED RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FCRA – DISPARATE TREATMENT

70.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

71.     Plaintiff is a member of a protected class of African American, Black citizens.

72.     At all times material, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by, *inter alia*, treating Plaintiff differently

than similarly situated employees in the terms and conditions of his employment because of Plaintiff's race and national origin.

73.     Specifically, Plaintiff – along with many other African American, Black employees (if not all) – was promised an annual raise but was never given any raises throughout his employment with Defendant. Non-Black and non-African American employees, similarly situated to Plaintiff were provided keys to Defendant's building, company vehicle, and company credit card, while African American, Black employees were not given the same access and privileges. Additionally, African American, Black employees were required to request leave, including sick leave, one week in advance or the employee would be disciplined, but non-Black and non-African American employees were not required to request leave with the same amount of advance notice.

74.     The discrimination of Plaintiff by Defendant was based on Plaintiff's race and national origin.

75.     The discrimination was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment with Defendant.

76.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

77.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

78.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT VI: RETALIATION BASED RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FCRA –TERMINATION

79.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

80.     Plaintiff is a member of a protected class of African American, Black citizens.

81.     Plaintiff engaged in a protected activity when, in or about June 2020, he complained to supervisor, Joanna Ribner of the discrimination based on his race and national origin.

82.     Defendant thereafter intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by terminating Plaintiff on or about July 10, 2020, because Plaintiff complained about race, national origin discrimination in the workplace.

83.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

84.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

85.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

86.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VII: DISCRIMINATION IN VIOLATION OF THE ADA – DISPARATE TREATMENT

87.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

88.     Plaintiff's broken toe qualifies as a disability, or perceived disability.

89.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

90.     At all times material, Plaintiff was qualified to perform the essential functions of his job.

91.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, leaving Plaintiff isolated, and by requiring Plaintiff to physically go to his supervisor's office whenever he was leaving work early. Defendant did not require other non-disabled individuals to physically go to their supervisor's office when they left early.

92.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the ADA.

93.     Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to discriminate Plaintiff.

94.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

95.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

96.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Declare that the acts complained of herein are in violation of the ADA;

B.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E.  Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT VIII: RETALIATION IN VIOLATION OF THE ADA – TERMINATION

97.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

98.     Plaintiff's broken toe qualifies as a disability, or a perceived disability.

99.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

100.    At all times material, Plaintiff was qualified to perform the essential functions of his job.

101.    Plaintiff engaged in a protected activity when he requested a day off because he had a doctor's appointment and was in extreme pain.

102.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by terminating Plaintiff because he requested a day off because he had a doctor's appointment and was in extreme pain.

103.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the ADA.

104.    Plaintiff's request for a day off to attend a doctor's appointment was a motivating factor that caused Defendant to terminate Plaintiff.

105.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

106.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

107.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Declare that the acts complained of herein are in violation of the ADA;

B.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E.  Award Plaintiff back pay, front pay (or reinstatement), and any other damages allowed under the ADA;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT IX: DISCRIMINATION IN VIOLATION OF THE FCRA – DISPARATE TREATMENT

108.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

109.    Plaintiff's broken toe qualifies as a handicap, or a perceived handicap.

110.    At all times material, Defendant was aware of Plaintiff's handicap, or perceived handicap.

111.    At all times material, Plaintiff was qualified to perform the essential functions of his job.

112.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment by, *inter alia*, leaving Plaintiff isolated, and by requiring Plaintiff to physically go to his supervisor's office whenever he was leaving work early. Defendant did not require other non-disabled individuals to physically go to their supervisor's office when they left early.

113.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

114.    Plaintiff's handicap, or perceived handicap, was a motivating factor that caused Defendant to terminate Plaintiff.

115.    As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

116.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

117.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E.  Award Plaintiff reasonable costs and attorney's fees; and

F.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT X: RETALIATION IN VIOLATION OF THE FCRA – TERMINATION

118.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                            Facsimile: 888.270.5549

119.    Plaintiff's broken toe qualifies as a disability, or a perceived disability.

120.    At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

121.    At all times material, Plaintiff was qualified to perform the essential functions of his job.

122.    Plaintiff engaged in a protected activity when he requested a day off because he had a doctor's appointment and was in extreme pain.

123.    Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by terminating Plaintiff because he requested a day off because he had a doctor's appointment and was in extreme pain.

124.    Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

125.    Plaintiff's request for a day off to attend a doctor's appointment was a motivating factor that caused Defendant to terminate Plaintiff.

126.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

127.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

128.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this honorable court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

E. Award Plaintiff reasonable costs and attorney's fees; and

F. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 13, 2021.

Respectfully submitted,

By: **/s/ Tanesha Blye**
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsels for Plaintiff*